IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES V. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 5026 |
| | ) |
| ARGONAUT MIDWEST HOLDINGS, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff James V. Riley's ("Riley") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Riley alleges that on or around November 18, 2004, he was solicited by Robert Woolard ("Woolard") to provide a loan to Argonaut Midwest Holdings, LLC ("Argonaut"). Riley claims that after negotiations between Riley and Woolard, Riley entered into an agreement to loan Argonaut the sum of $300,000.00. Riley further contends that he promised to immediately wire transfer the funds to Argonaut in

1

exchange for Woolard's promise to provide a security interest as soon as possible. According to Riley, on November 19, 2004, Woolard sent Riley instructions for the transfer of the loan proceeds and Riley wire transferred the funds to Argonaut. Riley alleges that within three days of transferring the monies to Argonaut, Woolard sent Riley an "interim" promissory note. (A. Compl. Par. 6(e)). Riley claims that sometime after he received the "interim" promissory note, Riley received a promissory note ("Promissory Note") from Argonaut, which promised that on May 31, 2005, Argonaut would pay Riley the sum of $300,000 with interest at a rate of ten percent per annum. The terms of the Promissory Note also provided for payment of reasonable collection costs and attorneys' fees that are incurred during collection proceedings. Riley contends that Argonaut has not paid its obligations under the Promissory Note. Riley brought the instant action against Argonaut seeking to recover money owed to Riley pursuant to the terms of the Promissory Note.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)).  This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id*. at 325.  Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).  The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I.  Local Rule 56.1

Riley contends that each paragraph contained in his Local Rule 56.1 statement of material facts should be deemed admitted. Pursuant to Local Rule 56.1, when a party files a motion for summary judgment, each party must prepare a statement of material facts and each party is required to respond to the opposing party's statement of material facts. Local Rule 56.1. Additionally, each party must either admit or deny each fact. *Id*. A denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000)(stating in addition that "[t]he purpose of the 56.1 statement is to identify for the court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument"). Pursuant to Rule 56.1, any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1; *see also Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). A court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating in addition that a local rule pertaining to summary judgment "is more than a technicality"). Further, the Seventh Circuit has held that "a district

court is entitled to expect strict compliance with Rule 56.1." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that "[s]ubstantial compliance is not strict compliance"); *see Flores v. Chicago Transit Authority*, 2006 WL 2868901, at *1 (N.D. Ill. 2006)(stating that *pro se* litigants must comply with procedural rules, including local rules)(quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Riley filed the instant motion for summary judgment and included the appropriate statement of material facts as required by Local Rule 56.1. Argonaut, however, has failed to properly submit a Local Rule 56.1 statement responding to Riley's statement of material facts. Accordingly, pursuant to Local Rule 56.1, all material facts set forth in Riley's Local Rule 56.1 statement of material facts are deemed admitted.

In addition to the procedural deficiencies contained in Argonaut's response, Argonaut offered no arguments in opposition to Riley's motion for summary judgment. Instead, Argonaut filed a response stating that it "takes no action in opposition to [Riley's] Motion for Summary Judgment" and that Argonaut "reserves the right to contest the amount of costs and/or attorneys' fees asserted by [Riley] that he intends to prove up at a later time." (Ans. 1). As a result, Argonaut has failed to sustain its burden under Federal Rule of Civil Procedure 56(b) ("Rule 56(b)") to set forth specific facts showing that there is a genuine issue of any material fact. *See Celotex*, 477 U.S. at 324 (stating that the summary judgment nonmovant must go beyond the pleadings and support contentions with proper documentary evidence

such as affidavits, depositions, answers to interrogatories, or admissions on file). Although Argonaut has failed to sustain its burden under Rule 56, we will discuss Riley's claim, noting, once again, that pursuant to Local Rule 56.1, all material facts set forth in Riley's Local Rule 56.1 statement of material facts is deemed admitted.

II. Promissory Note

Riley brought the instant action against Argonaut seeking to recover money owed to Riley pursuant to the Promissory Note. In order to recover on a promissory note, a plaintiff must show that: (1) the defendant executed the security agreement and promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no viable defense. *See Basu v. Stelle*, 603 N.E.2d 1253, 1254-56 (Ill. App. Ct. 1992)(analyzing standard for the recovery of a promissory note). In the instant action, the undisputed evidence shows that Woolard, acting on behalf of Argonaut, solicited Riley for a loan in the amount of $300,000.00 plus ten percent interest, that Riley wired the funds to Argonaut, that Argonaut executed and delivered the Promissory Note in writing, that Riley was named the payee on the note, that Riley is the holder of the Promissory Note, that Argonaut has failed to pay on the Promissory Note by the specified deadline, and that Riley has been injured due to Argonaut's lack of payment. Therefore, no reasonable jury could find other than that pursuant to the terms of the Promissory Note, Riley is due $300,000.00 plus ten percent interest per annum and reasonable collection costs and attorneys' fees from Argonaut.

## CONCLUSION

Based on the foregoing analysis, we grant Riley's motion for summary judgment. In addition, we award Riley the amount of $300,000.000 plus ten percent interest per annum from November 19, 2004. Riley is given until September 11, 2007, to file a brief on the issue of collection costs and attorneys' fees. Argonaut is given until September 18, 2007, to file its answer to Riley's brief on collection costs and attorneys' fees. The court will issue its ruling by mail.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: August 28, 2007