IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES V. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 5026 |
| | ) |
| ARGONAUT MIDWEST | ) |
| HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff James V. Riley's ("Riley") petition for attorneys' fees and non-taxable collection costs. For the reasons stated below, we grant the motion for attorneys' fees and non-taxable collection costs.

BACKGROUND

Riley and Defendant Argonaut Midwest Holdings, LLC ("Argonaut") entered into an agreement whereby Riley agreed to loan Argonaut $300,000 in exchange for a Promissory Note ("Note"), which stated that Argonaut would repay the $300,000 with an interest rate of ten percent per annum on May 21, 2005. The terms of the

1

Note also provided for payment of reasonable collection costs and attorneys' fees incurred during collection proceedings. Riley brought this suit contending that Argonaut had not paid its obligations under the Note.

On August 28, 2007, we granted Riley's motion for summary judgment and awarded him $300,000 plus ten percent interest per annum. On September 11, 2007, Riley filed a brief in support of his petition to collect attorneys' fees and costs under the terms of the Note. Argonaut was given until September 18, 2007, to file an answer to Riley's brief, but failed to do so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") provides that the prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. §1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "there is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus.*

*Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "the presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined"). In addition to making sure that requested costs are recoverable, a district court must also ensure that the costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

**DISCUSSION**

In his petition, Riley asks the court to award him attorneys' fees in the amount of $19,431.50. In addition, Riley has asked for non-taxable costs in the amount of $339.82.

I. Attorneys' Fees

Riley argues that pursuant to Rule 54(d)(2) and the attorneys' fees provision of the Note, he is entitled to attorneys' fees. Prevailing parties are not automatically entitled to attorneys' fees under Rule 54(d), but may file a motion requesting fees pursuant to a contractual agreement. Fed. R. Civ. P. 54(d)(2)(A)-(C). The Note in this case stated: "Upon default, the Maker agrees to pay all reasonable collection costs and attorneys' fees for making such a collection." (Compl. Ex. A). Riley asserts that this provision in the Note entitles him to receive attorneys' fees incurred

in this action.  Even though Argonaut was afforded the opportunity to dispute this argument, it failed to do so.  Therefore, we find that Riley is entitled to recover reasonable attorneys' fees incurred during this action.

Riley asserts that he has incurred $19,431.50 in attorneys' fees as a result of this action.  In support of that figure, Riley offers the affidavit of Stuart Berks ("Berks"), a partner at the law firm representing Riley.  Berks provides documentation of the attorneys' fees in the form of invoices from his firm.  Argonaut has not contested this figure.  We find that Riley's request for attorneys' fees is both recoverable and reasonable.  Therefore, we award Riley $19,431.50 in attorneys' fees.

## II. Non-taxable Costs

Riley seeks an award of related non-taxable costs in the total sum of $339.82 representing computerized research and photocopying.  Rule 54(d)(2) provides that "[c]laims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."  Fed. R. Civ. P. 54(d)(2)(A).  Riley contends that he incurred $263.43 incomputerized legal research costs and an additional $76.40 in copying costs.  The Seventh Circuit has considered computerized research costs to be an element of attorneys' fees that can be properly

4

awarded when attorneys' fees are also appropriate. *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440 (7th Cir. 1994). Argonaut has not contested either the award of legal research or copy costs. We find that the $339.82 in non-taxable costs is recoverable and reasonable. Therefore, we award Riley $339.82 in non-taxable costs.

## CONCLUSION

Based upon the foregoing analysis, we find Riley's petition for attorneys' fees and non-taxable collection costs to be recoverable and reasonable. We award Riley $19,431.50 in attorneys' fees and $339.82 in related non-taxable costs, for a total of $19,771.32.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 4, 2007